FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 21 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DANIEL GANDICA,

                      Plaintiffs,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER(S) JOHN DOE, a New York City Police Officer whose names are presently unknown to Plaintiff, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, A.D.A. JANE DOE, a Queens County Assistant District Attorney, whose name is presently unknown to Plaintiff, and ANTHONY E. SIBILIO

                      Defendants.
---------------------------------------------------------------X

Index No. CV-10-4299

**COMPLAINT AND
JURY DEMAND**

WEINSTEIN, J.
GO, M.J.



      Plaintiff DANIEL GANDICA, through his attorneys, GREENBLATT & AGULNICK, P.C., complaining of the Defendant(s), allege the following upon information and belief:

## PARTIES

      1.    That all times mentioned herein, Plaintiff was and still is a resident of the County of Queens, in the City and State of New York.

      2.    That at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK (also referred to hereinafter as "CITY") was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

1

3. That at all times hereinafter mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT (also referred to hereinafter as NYPD) was and is still is an agency of the CITY and responsible for law enforcement.

4. That at all times hereinafter mentioned, Defendant QUEENS COUNTY DISTRICT ATTORNEYS' OFFICE, (also referred to hereinafter as "QCDA") was and still is a municipal corporation within the City of New York, duly organized under the laws of the State of New York.

5. That upon information and belief and at all times hereinafter mentioned, the individual Defendants NYPD POLICE OFFICER JOHN DOE & A.D.A. JANE DOE were acting within the course of their employment and/or official policy, practice, custom or usage of the Defendants NYPD, CITY, and/or QCDA, and under color of State law, that is, under color of Constitution, Statutes, laws, ordinances, rules, regulations, of the United States, City and State of New York.

6. That at all times hereinafter mentioned, Defendant ANTHONY E. SIBILIO was an individual residing in the County of Queens, City and State of New York.

## PREREQUISITES TO SUIT AGAINST THE CITY OF NEW YORK

7. Plaintiff has served timely Notices of Claim upon THE CITY OF NEW YORK within ninety (90) days after all causes of action described in this complaint arose, which require the filing of a Notice of Claim as a prerequisite to commencing a lawsuit.

8. More than thirty (30) days have elapsed since the service of the Notices of

Claim.

9. The CITY and its comptroller have failed, neglected, and refused to pay, settle, compromise, or adjust the claims of Plaintiff.

10. Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

11. This action complies with all statutory requirements for timeliness.

## JURISDICTION AND VENUE

12. Plaintiff brings this action against Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER JOHN DOE, a New York City Police Officer whose name is presently unknown to Plaintiff, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, A.D.A. JANE DOE, a Queens County Assistant District Attorney, whose name is presently unknown to Plaintiff, to redress the deprivation of rights secured him by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the common law.

13. The transaction of events that is the subject of this lawsuit occurred within the County of Queens in the City and State of New York.

14. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983.

3

16. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state claims against defendants for common-law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

18. That on or about October 6, 2009 at approximately 6:00PM, Plaintiff was employed and working as a security guard at the Baybridge Condominiums located at 13-34 Estates Lane, Flushing, in the County of Queens, City and State of New York, a residential condominium complex.

19. That at all relevant times herein Defendant ANTHONY E. SIBILIO was a resident of the Baybridge Condominiums, located at 13-34 Estates Lane, Flushing, in the County of Queens, City and State of New York.

20. That the aforementioned condominium complex has rules and regulations prohibiting ball playing in the backyards of the condominium units.

21. That on or about October 6, 2009, Plaintiff, during his shift as a security guard, received an assignment to advise a group of individuals who were playing football in the backyard of a residence that is adjacent to the tennis courts, that such conduct was prohibited, and to instruct these individuals to stop playing football in said backyard.

22. That Defendant ANTHONY E. SIBILIO was one of a large group individuals playing football in said backyard in violation of the condominium complex's rules and regulations.

23. That while Plaintiff was instructing these individuals to stop playing football and leave the area, Defendant ANTHONY E. SIBILIO, without any just cause or

provocation screamed racial slurs and threats of physical force at Plaintiff causing Plaintiff to fear physical injury. Further, the Defendant ANTHONY E. SIBILIO while being aided by others surrounded the Plaintiff, and physically menaced Plaintiff, causing Plaintiff to fear physical injury.

24. That in response to Defendant ANTHONY E. SIBILIO'S slurs, threats, and overt threatening acts, which caused the Plaintiff to fear physical injury, Plaintiff obtained the football being used by these individuals and threw it in the direction of the adjacent tennis court in an effort to create distance between himself and the Defendant, ANTHONY E. SIBILIO. Plaintiff then proceeded to leave the area.

25. That without just cause or provocation Defendant ANTHONY E. SIBILIO followed Plaintiff, then negligently, recklessly, and/or intentionally struck the Plaintiff several times about the head and face, causing Plaintiff to suffer physical injury to his head, face, nose, lip, and mouth.

26. That following Defendant ANTHONY E. SIBILIO striking the Plaintiff, upon information and belief, 911 was called, and officers from the NYCPD were summoned.

27. That officers from the 109th precinct of the NYPD, known herein as POLICE OFFICER(S) JOHN DOE arrived at the scene and spoke to the Defendant, ANTHONY E. SIBILIO.

28. That knowing such was false, Defendant ANTHONY E. SIBILIO stated in sum and substance to said police officer(s) that Plaintiff had struck Defendant, ANTHONY E. SIBILIO.

29. That POLICE OFFICER JOHN DOE stated in sum and substance to

Plaintiff that if Plaintiff wanted to press charges against the Defendant, then the Defendant ANTHONY E. SIBILIO was also going to press charges against the Plaintiff, and both Defendant and Plaintiff would be arrested.

30. That without any explanation and without any inquiry directed at Plaintiff and without probable cause, defendant POLICE OFFICER JOHN DOE stated in sum and substance that Plaintiff was under arrest and placed Plaintiff under arrest.

31. That POLICE OFFICER JOHN DOE relied upon the slanderous statements of Defendant ANTHONY E. SIBILIO, despite having actual and constructive knowledge that Plaintiff was the victim and that Defendant ANTHONY E. SIBILIO was the culpable party and was influenced by factors other than the facts of the assault when determining who would be arrested, including influence from Defendant's parent(s) at the scene.

32. That Plaintiff, despite being the victim of Defendant, ANTHONY E. SIBILIO'S assault, was placed in handcuffs and transported to the 109th precinct of the NYPD to be processed, confined to a cell at the aforesaid precinct wherein Plaintiff was unable to sleep in the cell, the cell also lacked a place for plaintiff to sit, and the cell lacked bathroom facilities.

33. Plaintiff was given an appearance ticket and instructed to appear in open Court at the Criminal Court of the City of New York for the County of Queens wherein he was charged by defendant QCDA in an accusatory instrument entitled, <u>The People of the State of New York v. Daniel Gandica</u>, with various crimes including Assault in the Third Degree and related charges filed under Docket No. 2010QN007148.

34. The accusatory instrument against Plaintiff filed under Docket No.

2010QN007148 was dismissed with prejudice by a judge of the Criminal Court of the City of New York, for the County of Queens on February 5, 2010.

35. Plaintiff was subject to great ridicule, humiliation, and suffered annoyance, inconvenience, and embarrassment from being handcuffed and held without reasonable grounds or probable cause, being put in jail, and required to appear in open court to defend the aforesaid charges.

## AND AS FOR A FIRST CAUSE OF ACTION

### (Violation of 42 U.S.C. § 1983)

36. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

37. Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(S) JOHN DOE intended to confine and completely confined Plaintiff.

38. Plaintiff was conscious and cognizant of the confinement.

39. Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(S) JOHN DOE were not justified, privileged, or provoked into confining Plaintiff in any way.

40. Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(S) JOHN DOE acted under color of law as is defined in 42 U.S.C. § 1983 in confining Plaintiff.

41. Defendants THE CITY OF NEW YORK, NYPD, and POLICE

OFFICER(S) JOHN DOE violated Plaintiff's civil liberties and rights under the United State Constitution, including, but not limited to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and under the New York State Constitution.

42. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to damages from Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(S) JOHN DOE for violations of Plaintiff's Constitutionally protected civil rights.

43. Defendants THE CITY OF NEW YORK and NYPD have maintained a system of review of police conduct, which is so untimely and cursory as to be ineffective and has a policy to permit and tolerate the lack of probable cause in making arrests by police officers.

44. Consequently, pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to damages from THE CITY OF NEW YORK and NYPD for violations of Plaintiff's Constitutionally protected Civil Rights.

45. Defendant THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(S) JOHN DOE are liable for Plaintiff's counsel fees in an amount to be determined by this court pursuant to **42 U.S.C. § 1988.**

## AND AS FOR A SECOND CAUSE OF ACTION

**(Pendant N.Y. State Claim: False arrest/imprisonment)**

46. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

47. Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE intended to confine and completely confined Plaintiff.

48. Plaintiff was cognizant of the confinement.

49. Plaintiff voiced strenuous objections to the confinement, and to which Plaintiff did not consent.

50. Defendant THE CITY OF NEW YORK, NYPD and POLICE OFFICER(s) JOHN DOE were not justified, privileged, or provoked into confining Plaintiff.

51. Defendant POLICE OFFICER(S) JOHN DOE acted within the scope of his/their duties as NYPD police officer(s) for THE CITY OF NEW YORK and in the interest of THE CITY OF NEW YORK when said officer(s) confined and falsely arrested and imprisoned Plaintiff.

52. Defendant THE CITY OF NEW YORK is therefore vicariously liable for falsely arresting and imprisoning Plaintiff.

53. Defendants NYPD and POLICE OFFICERS JOHN DOE are liable for falsely arresting and imprisoning Plaintiff.

### AND AS FOR A THIRD CAUSE OF ACTION

(Pendant N.Y. State Claim: Malicious Prosecution)

54. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

55. Defendants THE CITY OF NEW YORK, NYPD, POLICE OFFICER(S) JOHN DOE, QCDA, and an assistant district attorney employed by defendant QCDA, known herein as A.D.A. JANE DOE, caused criminal charges and criminal proceedings to be brought against Plaintiff.

56. The aforementioned criminal proceedings terminated in favor of Plaintiff.

57. Defendants lacked probable cause to handcuff, arrest, imprison, and prosecute Plaintiff.

58. Defendants THE CITY OF NEW YORK, NYPD, POLICE OFFICER(S) JOHN DOE, QCDA, and A.D.A. JANE DOE had malice in prosecuting Plaintiff in the aforementioned criminal proceedings.

59. Defendant THE CITY OF NEW YORK and NYPD are vicariously liable for the actions of Defendant POLICE OFFICER(S) JOHN DOE, who acted completely within his/their scope of employment as a police officer for the NYPD.

60. Defendant THE CITY OF NEW YORK and QCDA are vicariously liable for the actions of Defendant A.D.A. JANE DOE, who acted completely within her scope of employment as an Assistant District Attorney for the QCDA.

61. Thus, Defendants POLICE OFFICER(S) JOHN DOE, QCDA, A.D.A. JANE DOE and THE CITY OF NEW YORK are liable for malicious prosecution.

## AND AS FOR A FOURTH CAUSE OF ACTION

### (Pendant N.Y. State Claim: Battery)

62. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

63. Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE acts were intentional.

64. THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE'S conduct resulted in harmful, offensive, and nonconsensual bodily contact with the

Plaintiff, amounting to the tort of battery.

65. Defendant POLICE OFFICER(S) JOHN DOE acted within the scope of their duties as a NYPD police officer for THE CITY OF NEW YORK and in the interest of THE CITY OF NEW YORK when he battered Plaintiff.

66. Defendant THE CITY OF NEW YORK and NYPD are therefore vicariously liable for the tort of battery that Defendant POLICE OFFICER(S) JOHN DOE inflicted upon Plaintiff.

67. Thus, Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE are liable for the tort of battery.

## AND AS FOR A FIFTH CAUSE OF ACTION

**(Pendant N.Y. State Claim: Defamation)**

68. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

69. Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and A.D.A. JANE DOE, printed and uttered false and injurious statements concerning the Plaintiff.

70. The false statements accused Plaintiff of having committed crimes.

71. Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER(S) JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and A.D.A. JANE DOE, published these false statements to third-parties.

72. Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER(S) JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and A.D.A. JANE DOE wrote and/or spoke the statements with malice, recklessness, negligence, and gross negligence.

73. Thus, Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER(S) JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and A.D.A. JANE DOE, are liable for defamation per se.

74. Defendant POLICE OFFICER(S) JOHN DOE acted within the scope of their duties as an NYPD police officer for THE CITY OF NEW YORK and in the interest of THE CITY OF NEW YORK when he defamed Plaintiff.

75. Defendants THE CITY OF NEW YORK and NYPD are therefore vicariously liable for the defamation that Defendant POLICE OFFICER(S) JOHN DOE committed.

76. Defendant A.D.A. JANE DOE acted within the scope of her duties as an Assistant District Attorney for the defendant QCDA and in the interest of THE CITY OF NEW YORK when (s)he defamed Plaintiff.

77. Thus, Defendants THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD POLICE OFFICER(S) JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, and A.D.A. JANE DOE are liable for defamation per se.

**AND AS FOR A SIXTH CAUSE OF ACTION**

**(Pendant N.Y. State claim: Negligence)**

78. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

79. Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE have a duty to protect and not arrest citizens who commit no crime.

80. Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE breached that duty by failing to exercise reasonable care and judgment in determining whether to arrest Plaintiff.

81. The actions of Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE caused Plaintiff to suffer damages.

82. Consequently, Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE are liable for negligence.

83. Defendant POLICE OFFICER(S) JOHN DOE acted within the scope of their duties as a NYPD police officer for Defendant CITY OF NEW YORK and in the interest of THE CITY OF NEW YORK when he arrested Plaintiff.

84. Defendants THE CITY OF NEW YORK and NYPD are, therefore, vicariously liable for the actions of Defendant POLICE OFFICER(S) JOHN DOE, who acted within his scope of employment as police officers.

85. Thus, Defendants THE CITY OF NEW YORK, NYPD and POLICE OFFICER(S) JOHN DOE are liable for negligence.

**AND AS FOR A SEVENTH CAUSE OF ACTION**

(Pendant N.Y. State claim: Negligent Hiring and Retention)

86. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

87. Defendants THE CITY OF NEW YORK and/or NYPD have a duty to hire and retain competent police officers.

88. Defendants THE CITY OF NEW YORK and/or NYPD knew, or should have known, that Defendant POLICE OFFICER(S) JOHN DOE, was unfit to be hired and retained as an officer of the NYPD.

89. Defendant THE CITY OF NEW YORK and NYPD breached its duty to hire and retain competent police officers.

90. As a result of their breach, the Plaintiff suffered damages.

91. Thus, Defendants THE CITY OF NEW YORK and NYPD are liable for negligent hiring and retention of Defendant POLICE OFFICER(S) JOHN DOE.

## AND A S FOR A EIGHTH CAUSE OF ACTION

(Pendant N.Y. State Claim: Battery)

92. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

93. Defendant ANTHONY E. SIBILIO'S acts were negligent, reckless, and/or intentional.

94. Defendant ANTHONY E. SIBILIO'S conduct resulted in harmful,

offensive, and nonconsensual bodily contact with the Plaintiff amounting to the tort of battery and causing serious physical injury.

95. Thus, Defendant ANTHONY E. SIBILIO is liable for the tort of battery.

## AND AS FOR A NINTH CAUSE OF ACTION

**(Pendant N.Y. State Claim: Defamation)**

96. Plaintiff repeats and re-alleges all allegations in the complaint as if more fully set forth herein.

97. Defendant ANTHONY E. SIBILIO printed and uttered false and injurious statements concerning the Plaintiff.

98. The false statements accused Plaintiff of having committed crimes.

99. Defendant ANTHONY E. SIBILIO published these false statements to third-parties.

100. Defendant ANTHONY E. SIBILIO wrote and/or spoke the false statements with malice, recklessness, negligence, and gross negligence.

101. Thus, Defendant ANTHONY E. SIBILIO is liable for defamation per se.

**WHEREFORE**, Plaintiff DANIEL GANDICA demands judgment as follows:

(a) on the First Cause of Action (42 U.S.C § 1983), awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) and, pursuant to 42 U.S.C. § 1988, attorney's fees, against Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(s) JOHN DOE;

(b) on the Second Cause of Action (pendant N.Y. State Claim: False

arrest/imprisonment), awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) against Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(s) JOHN DOE;

(c) on the Third Cause of Action (pendant N.Y. State Claim: Malicious Prosecution), awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) against Defendants THE CITY OF NEW YORK, NYPD, POLICE OFFICER(s) JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY, and A.D.A. JANE DOE;

(d) on the Fourth Cause of Action (pendant N.Y. State Claim: Battery), awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) against Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(s) JOHN DOE;

(e) on the Fifth Cause of Action (pendant N.Y. State Claim: Defamation), awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) against Defendants THE CITY OF NEW YORK, NYPD, POLICE OFFICER(s) JOHN DOE, QUEENS COUNTY DISTRICT ATTORNEY, and A.D.A. JANE DOE;

(f) on the Sixth Cause of Action (pendant N.Y. State Claim: Negligence), awarding Plaintiff actual damages in the amount of two million dollars ($2,000,000.00) against Defendants THE CITY OF NEW YORK, NYPD, and POLICE OFFICER(s) JOHN DOE;

(g) on the Seventh Cause of Action (pendant N.Y. State Claim: Negligent Hiring and Retention), awarding Plaintiff actual damages in the amount of

two million dollars ($2,000,000.00) against Defendant THE CITY OF NEW YORK and NYPD;

(h) <u>on the Eighth Cause of Action (pendant N.Y. State Claim: Battery)</u>, awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) against Defendant ANTHONY E. SIBILIO;

(i) <u>on the Ninth Cause of Action (pendant N.Y. State Claim: Defamation)</u>, awarding Plaintiff actual and punitive damages in the amount of two million dollars ($2,000,000.00) against Defendant ANTHONY E. SIBILIO;

(j) Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated:   Great neck, New York
         September 20, 2010

                                        Yours, etc.,

                                        _____
                                        By: Scott E. Agulnick (SA1880)
                                        GREENBLATT & AGULNICK, P.C.
                                        Attorney for Plaintiff
                                        **DANIEL GANDICA**
                                        55 Northern Boulevard, Suite 302
                                        Great neck, New York 11021
                                        (718) 352-4800

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38, Plaintiff demands a trial by jury.

Dated: Great Neck, New York
September 20, 2010

Yours, etc.,

**GREENBLATT & AGULNICK, PC**

By: Scott E. Agulnick (SA1880)
Attorney for Plaintiff
**DANIEL GANDICA**
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
(718) 352-4800